EASTERN DIST.
May, 1837.

PRIESTLY ET AL.
vs.
BELL.

.this right of ap-
peal be given by
a rule of the
City Court ; "as
every power must
come from
above."

---

### PRIESTLY ET AL. *vs.* BELL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where it is admitted that the names of the payees of a bill of exchange were only used for the purpose of collection, the drawer is dispensed with, proving that the bill was put in circulation and paid by him on its return, in order to charge the acceptor.

This is an action instituted by the drawer against the acceptor of three bills of exchange, drawn at New-Orleans, the 28th March, 1836, on Thomas W. Bell, of Mississippi, (and by him accepted,) in favor of Messrs. Martin & Aikin, payable at sixty, ninety and one hundred and twenty days' after date, amounting to the aggregate sum of nine hundred and sixty-four dollars and sixty-seven cents.

The plaintiff alleges that when said bills became due they were presented to the defendant for payment, who failed to pay them, and that they were returned to him, (the petitioner,) who was obliged to take them up.   He prays judgment for ,the amount thereof, with ten per cent. damages, and eight per cent. interest, according. to the laws of Mississippi.

The defendant pleaded a general denial.

EASTERN DIST.
*May*, 1837.

It was admitted that Martin & Aikin, the payees,' had no interest in the bills, being only sent to them for collection. The defendant's signature was established.

PRIESTLY ET AL.
*vs.*
BELL.

The plaintiff had judgment, from which the defendant appealed.

*Preston,* for the plaintiff.

*Shepard, contra,* contended that in a suit of the drawer against the acceptor of a bill of exchange, it is necessary for plaintiff to prove that the bill has been in circulation, and that he has paid it, on its return to him, before he can have recourse on the acceptor. 2 *Starkie on Evidence,* 275, *and authorities there cited. Chitty on Bills,* 508.

*Carleton, J.,* delivered the opinion of the court.

This action is brought to recover of the defendant the amount of three bills of exchange, of which he is the acceptor.

The plaintiff avers that the bills were protested for non-payment, and that he was obliged to take them up and pay the same, whereby the defendant became indebted to him in the sum claimed in the petition.

The defendant pleaded the general issue, and judgment having been rendered against him, he appealed to this court.

The bills were all drawn payable to the order of Martin & Aikin, but never endorsed by them. In the statement of facts agreed upon by the parties, it is admitted that the defendant's signature was established, and that it was proved that the payees of the bills in question, never had any interest in them, but that goods having been sold by the plaintiff to the defendant for the amount of the bills, they were taken for the goods and sent by the plaintiff to Martin & Aikin, for collection.

The counsel for defendant insists that the plaintiff cannot sustain his action, as he has not shown that the bills were put in circulation, and that he had paid them upon their

*Where it is admitted that the names of the payees of a bill of exchange were only used for the purpose of collection,*

Eastern Dist.
*May*, 1837.

return to him, and cites several authorities in support of his position.

We think the defendant has waived whatever advantage he might have derived from this plea, by his admission in the statement of facts. The names of the payees having been used merely for the purpose of collection, nothing was required of the plaintiff but to prove that fact, and the signature of the drawer, to enable him to recover. We think the decree of the court below ought to be affirmed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.